USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARENSON OFFICE FURNISHINGS, INC,

　　　　　　　　Plaintiff,

　　　　-against-

MICHAEL KOPELMAN,

　　　　　　　　Defendant.

1:20-cv-10497-MKV

MEMORANDUM
OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

　　Plaintiff Arenson Office Furnishings, Inc. ("Arenson") brings this action against Defendant Michael Kopelman ("Kopelman"), its former employee, for breach of contract, unjust enrichment, and declaratory relief. (*See generally* Complaint [ECF No. 1-1].) Before the Court is Arenson's motion to disqualify Brach Eichler LLC as counsel for Kopelman. (Mot. Disqualify [ECF No. 5].) For the reasons discussed below, Plaintiff's motion is DENIED without prejudice.

## **BACKGROUND**[1]

　　Kopelman began working as a sales representative for Arenson, a furniture dealer, in 2011. (Compl. ¶¶ 5–6 [ECF No. 1-1].) The terms and conditions of Kopelman's employment were set forth in an Offer Letter signed by Kopelman. (*Id.* ¶ 9 & Ex. A.) Pursuant to the Offer Letter, Kopelman was compensated with a draw-against-commission arrangement whereby Kopelman received a fixed salary of $200,000 and was required to generate sales that would result in commission payments that equaled or exceeded his draw. (*Id.* ¶¶ 10–11.) In addition to the fixed salary, Arenson paid numerous expenses "to facilitate [Kopelman's] sales efforts," including

---

[1] The following facts are taken from the Complaint and the parties' submissions in connection with the pending motion to disqualify.

1

country club dues, various benefits, and a company cell phone. (*Id.* ¶ 12 & Ex. A.) Arenson alleges that it paid approximately $580,000 in expenses for Kopelman since 2011. (*Id.* ¶ 12.)

Arenson alleges that Kopelman largely failed to generate sales sufficient to earn commission that equaled or exceeded his draw. (*Id.* ¶ 14.) Arenson therefore lowered Kopelman's draw to avoid Kopelman's negative commission rate from increasing further. (*Id.* ¶ 15.) In 2018, Kopelman's compensation plan changed to incorporate a process for Kopelman to pay back his deficit. (*Id.*) Kopelman's employment was terminated in July 2020. (*Id.* ¶ 16.) At the time of his termination, Kopelman's approximate commission-versus-draw balance was negative $1,120,000. (*Id.* ¶ 19.) Arenson alleges that it demanded Kopelman to repay that balance, but he affirmatively refused to do so. (*Id.* ¶ 20.)

One month after his termination, Kopelman accepted employment with a competitor of Arenson. (*Id.* ¶ 17.) The Offer Letter prohibits Kopelman, for eighteen months following his termination, from soliciting or servicing any customers he solicited or serviced on behalf of Arenson during his employment. (*Id.* ¶ 21 & Ex. A.) Arneson alleges that during his employment with Arenson, Kopelman had communicated with John D. Fanburg, Esq. of Brach Eichler and Mr. Fanburg's assistant regarding the possible sale of office furniture. (*Id.* ¶ 23.) Arenson alleges further that Kopelman later again solicited Brach Eichler LLC during his employment with Arenson's competitor, in violation of the non-solicitation provision of the Offer Letter. (*Id.* ¶ 22.)

In November 2020, Arneson commenced this action in the Supreme Court of the State of New York, New York County, seeking to claw back the draw wages paid to Kopelman and to recover damages stemming from Kopelman's alleged violation of a non-solicitation clause provision. (*See generally* Compl.) Kopelman timely removed the case to this Court. (Notice Removal [ECF No. 1].)

Shortly after removal, Arenson moved to disqualify Brach Eichler from representing Kopelman in this action. (Mot. Disqualify [ECF No. 5].) Prior to removal, Arenson served Brach Eichler with a subpoena *ad testificandum* and *duces tecum* regarding Kopelman's alleged breach of the non-solicitation provision of the Offer Letter. (Pl.'s Br. 2 [ECF No. 6]; *see* Cohen Decl. ¶ 6 [ECF No. 7]; Cohen Decl. Ex. 2 [ECF No. 7-2].) Arenson argues that disqualification of Brach Eichler as counsel for Kopelman is required because Brach Eichler is a necessary witness in this action and its testimony will prejudice Kopelman. (Pl.'s Br. 2.)

In opposition, Kopelman argues that the witness at issue, Mr. Fanburg, is a corporate attorney who is not serving as litigation counsel in this matter and does not possess information adverse to Kopelman's interests. (Def.'s Opp. 1 [ECF No. 10].) In support of his opposition, Kopelman submitted declarations of himself and Fanburg. (Fanburg Decl. [ECF No. 10-1]; Kopelman Decl [ECF No. 10-2].) The declarations explain that Fanburg contacted Kopelman in July 2020 to purchase a chair for his assistant to utilize in her home and that Kopelman did not contact Fanburg to solicit Brach Eichler's business. (Fanburg Decl. ¶¶ 8–9; Kopelman Decl. ¶¶ 9–11.)

## **LEGAL STANDARD**

The power to disqualify counsel derives from courts' "inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). Disqualification of counsel "is a 'drastic measure' that is viewed with disfavor in this Circuit." *Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936(KMW), 2011 WL 672254, at *4 (S.D.N.Y. Feb. 22, 2011). The decision to disqualify counsel "is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72–73 (2d Cir. 1990)

(collecting cases). The movant bears a "heavy burden" to demonstrate that disqualification is warranted. *Rizzuto v. De Blasio*, No. 17-CV-7381 (ILG) (ST), 2019 WL 1433067, at *2 (E.D.N.Y. Mar. 29, 2019) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788 (2d Cir. 1983)).

New York Rule of Professional Conduct 3.7(a) provides, with certain exceptions, that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct § 3.7(a). Disqualification is required under subsection (a) only where the lawyer will act as an advocate before the jury. *See Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009); *accord Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010).

Rule 3.7(b) provides that "[a] lawyer may not act as advocate before a tribunal in a matter if another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." N.Y. R. Prof'l Conduct § 3.7(b)(1). The Second Circuit has explained that "[b]ecause the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness, [Model Rule 3.7(b)] permits the lawyer to do so except in situations involving a conflict of interest." *Murray*, 583 F.3d at 178 (quoting A.B.A. Model Rules of Prof'l Conduct § 3.7 cmt. 5); *see also Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202(LGS)(HBP), 2014 WL 6491281, at *4 (S.D.N.Y. Nov. 20, 2014). Under this Rule, "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Murray*, 583 F.3d at 178–79.

Disqualification may be appropriate under both subsections (a) and (b) only where the testimony by counsel is "necessary." *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No.

17cv4831, 2017 WL 5312193, at *2 (S.D.N.Y. Nov. 13, 2017) (quoting *Finkel*, 740 F. Supp. 2d at 373–74); *see Davin v. JMAM, LLC*, 27 A.D.3d 371, 371, 812 N.Y.S.2d 494 (1st Dep't 2007); *Daniel Gale Assocs., Inc. v. George*, 8 A.D.3d 608, 609, 779 N.Y.S.2d 573 (2d Dep't 2004). When considering the necessity of testimony, courts "examine factors such as the significance of the matters, weight of the testimony, and availability of other evidence." *Finkel*, 740 F. Supp. 2d at 373 (quoting *Kubin v. Miller*, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992)). This inquiry "does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 422 (S.D.N.Y. 2015) (collecting cases); *see also S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.*, 69 N.Y.2d 437, 446, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987) ("Testimony may be relevant and even highly useful but still not strictly necessary.").

Moreover, disqualification is warranted only where testimony of the lawyer-witness may be prejudicial to the client. *See Murray*, 583 F.3d at 178; *Finkel*, 740 F. Supp. 2d at 373. Testimony is prejudicial where it is "sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *Murray*, 583 F.3d at 178 (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). The movant "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial." *Id.* (quoting *Lamborn*, 873 F.2d at 531). "Speculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify." *Finkel*, 740 F. Supp. 2d at 376–77 (citing *Capponi v. Murphy*, 772 F. Supp. 2d 457, 472 (S.D.N.Y. 2009); and *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 394 (S.D.N.Y. 1994)).

The Second Circuit has explained that "Rule 3.7 lends itself to opportunistic abuse." *Murray*, 583 F.3d at 178. Motions under Rule 3.7 therefore "are subject to fairly strict scrutiny" to "guard against the tactical use of motions to disqualify counsel." *Id.* (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). Courts are generally reluctant to grant motions to disqualify because they "are often tactically motivated, cause undue delay, add expense, and have 'an immediate adverse effect on the client by separating him from counsel of his choice.'" *Fischer v. Clark*, No. 08–CV–3807 (JS)(ARL), 2009 WL 3063313, at *8 (E.D.N.Y. Sept. 24, 2009).

## ANALYSIS

As a preliminary matter, Arenson moves to disqualify not only the potential lawyer-witness Fanburg, but also Brach Eichler, arguing primarily that disqualification is required under Rule 3.7(a). (*See generally* Pl.'s Br.) But as Kopelman points out, Fanburg is not serving as counsel to Kopelman in this matter (nor is Fanburg even a litigation attorney). (Def.'s Opp. 1.) Because Fanburg is not serving as trial counsel and will not advocate before the jury, Rule 3.7(a) does not apply, let alone provide a basis for disqualification. *See Murray*, 583 F.3d at 179 (holding that Rule 3.7(a) did not apply to disqualify four attorneys where "[t]hree of them are transactional lawyers who are not and will not be trial advocates; [and] the fourth, a litigator, is a member of the trial team, but will not act as an advocate before the jury"); *BT Holdings, LLC v. Village of Chester*, No. 15 Civ. 1986(CS)(JCM), 2015 WL 8968360, at *6 (S.D.N.Y. Dec. 14, 2015) (holding that Rule 3.7(a) did not apply where attorney witness would not be advocating at trial); *see also Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 283 (2d Cir. 2004) (noting that the witness advocate rule apples "where the attorney representing the client before a jury seeks to serve as a fact witness *in that very proceeding*"); *John Wiley & Sons*, 126 F. Supp. 3d at 420 ("Disqualification under subsection (a) applies only when the attorney-witness actually

serves as trial counsel." (quoting *Corrado v. N.Y. State Unified Court Sys.*, No. CV 2012–1748(DLI)(MDG), 2014 WL 119407, at *2 (E.D.N.Y. Jan. 10, 2014))).

The only potential basis for disqualification here is Rule 3.7(b).[2] Arenson has not carried its burden to demonstrate that disqualification is appropriate under Rule 3.7(b). Assuming testimony of Brach Eichler is necessary, it cannot be said at this early stage that such testimony would be prejudicial to Kopelman. Acknowledging that Kopelman has not answered the Complaint, Arenson "*assumes* that Kopelman will deny that he breached the non-complete agreement in the Offer Letter by soliciting Brach Eichler" and "*expects* that Brach Eichler's testimony will directly contradict Kopelman's denials." (Pl.'s Br. 6 (emphasis added) (footnote omitted).) Arenson's argument that testimony of Brach Eichler would be prejudicial to Kopelman rests on sheer speculation. *See In re Corp. Res. Servs., Inc.*, 595 B.R. 434, 447 (S.D.N.Y. 2019) (reversing disqualification under Rule 3.7(b) because the court was "unwilling to rely solely on the Trustee's speculation that Greene will provide testimony against his client's interest" (citing *Gormin v. Hubregsen*, No. 8 Civ. 7674 (PGG), 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009); and *Finkel*, 740 F. Supp. 2d at 376)); *Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) ("The more speculative the potential prejudice, the less likely a court will be to grant a motion to disqualify." (citing *Donaghy*, 858 F. Supp. at 398)).

Even if Fanburg were to testify as Arenson "expects," Arenson has not shown that such testimony would be "adverse to the factual assertions or account of events offered on behalf of the

---

[2] Arenson did not argue for disqualification under subsection (b) in its opening brief, raising that provision only in its reply brief. (Pl.'s Reply 4 [ECF No. 12].) Generally, "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993); *see also Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). However, "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) (quoting *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000)). Because Kopelman raised Rule 3.7(b) in his opposition brief (*see* Def.'s Opp. 4–5, 7–8), the Court will consider Arenson's arguments under that subsection. *See, e.g., Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 299 (E.D.N.Y. 2016).

client." *Murray*, 583 F.3d at 178 (quoting *Lamborn*, 873 F.2d at 531). The declarations submitted by Kopelman reflect that Fanburg's testimony would, at least in part, be *consistent* with Kopelman's position and affirm his account of events. (*Compare* Fanburg Decl. ¶¶ 8–9, *with* Kopelman Decl. ¶¶ 9–11.) *See Acker v. Wilger*, No. 12 Civ. 3620(JMF), 2013 WL 1285435, at *3 (S.D.N.Y. Mar. 29, 2013) (denying motion to disqualify where movant failed to show that counsel's testimony would differ from plaintiff's); *Finkel*, 740 F. Supp. 2d at 377–78 (denying motion to disqualify where there was "no reason to believe that counsel's testimony would be inconsistent with their clients' account of the facts").

Courts generally find that motions to disqualify are premature where, as here, "there has been only limited [or no] discovery and it is not yet clear the extent to which an attorney's testimony might be necessary or prejudicial." *Ross v. Blitzer*, No. 09 Civ. 8666(HB), 2009 WL 4907062, at *3 (S.D.N.Y. Dec. 21, 2009) (collecting cases); *see McDonald v. Hammons*, 129 F.3d 114, 1997 WL 701372, at *2 (2d Cir. 1997) (summary order) (noting that the need for disqualification "frequently only becomes clear at the conclusion of the underlying litigation" (citing *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 440 (1985); and *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981))); *see also Gormin v. Hubregsen*, No. 08-cv-7674, 2009 WL 508269, at *3 (S.D.N.Y. Feb. 27, 2009). Here, Kopelman has not answered the Complaint and has indicated that he intends the move to dismiss (Def.'s Letter [ECF No. 4]); the Court has not held a pretrial conference; no scheduling order has been entered; and neither Kopelman nor Fanburg have been deposed. At this early stage, there is no record to support Arenson's argument, or for the Court to find, that disqualification is appropriate. *See Prout v. Vladeck*, 316 F. Supp. 3d 784, 810 (S.D.N.Y. 2018). Accordingly, the Court denies Arenson's motion to disqualify without prejudice to renewal after discovery and any summary judgment motion practice, should the case

not be resolved before trial. *See id.*; *Ross*, 2009 WL 4907062, at *4; *Norman Reitman Co. v. IRB–Brasil Resseguros S.A.*, No. 01 Civ. 0265(RCC), 2001 WL 1132015, at *4 (S.D.N.Y. Sept. 25, 2001); *see also Ross*, 2009 WL 4907062, at *4 n.5 (noting that "numerous courts in this district have expressly permitted attorneys who were potential witnesses at trial to continue their representation of their clients throughout the pretrial proceedings, including discovery and dispositive motions" (collecting cases)).

## CONCLUSION

For the reasons discussed above, Plaintiff Arenson's motion to disqualify Brach Eichler LLC as counsel for Defendant Kopelman is DENIED without prejudice to renewal once an evidentiary record is established. Should it seek to renew its motion to disqualify, Arenson shall file a letter requesting a pre-motion conference with the Court, as required under the Court's Individual Practice Rules. Kopelman shall answer or otherwise respond to the Complaint on or before May 11, 2021.

The Clerk of Court is respectfully requested to terminate docket entry 5.

**SO ORDERED.**

**Date: May 4, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**